```
 1  Daniel C. Minteer (SBN: 62158)
    Heather U. Guerena (SBN: 238122)
 2  Elizabeth R. Favret (SBN: 291021)
    DUANE MORRIS LLP
 3  750 B Street, Suite 2900
    San Diego, CA 92101-4681
 4  E-mail:  dminteer@duanemorris.com
             huguerena@duanemorris.com
 5           efavret@duanemorris.com
    Attorneys for Plaintiff,
 6  OBI Pharma, Inc.
 7
 8              UNITED STATES DISTRICT COURT
 9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11
12  OBI Pharma, Inc., a Taiwanese corporation,    Case No. '16CV2218 H    BGS
13                   Plaintiff,                   COMPLAINT FOR:
                                                  (1) TRADE LIBEL;
14            v.                                  (2) LIBEL PER SE;
                                                  (3) INTENTIONAL
15  Does 1 through 20, inclusive,                 INTERFERENCE WITH
                                                  PROSPECTIVE ECONOMIC
16                   Defendants.                  ADVANTAGE
17                                                DEMAND FOR JURY TRIAL
18
```

19   COMES NOW Plaintiff, OBI Pharma, Inc. ("OBI" or "Plaintiff"), and
20  complains and alleges as follows:

21                          **INTRODUCTION**

22   1.   This action arose from the Doe Defendants (Does 1 through 20,
23  inclusive, will collectively be referred to as "Defendants") engaging in a concerted,
24  public effort to use deliberately false statements to, (i) defame Plaintiff, (ii) scare the
25  patients, including patients living in San Diego, involved in FDA approved tests into
26  dropping out of such tests, thereby making it impossible for Plaintiff to obtain

27
28
                      **COMPLAINT AND JURY DEMAND**
    DM3\4192298.1

approval of its products by the Federal Drug Administration ("FDA"), and (iii) to destroy investor confidence in an attempt to drive Plaintiff out of business.

2. Defendants' actions included but were not limited to posting false information about Plaintiff and its product under FDA review on a website. These posts were so obviously made in bad faith that the Internet Service Provider ("ISP") responsible for the website removed the improper posts from its website when requested by Plaintiff.

3. Plaintiff seeks to discover the identity of these anonymous posters, to recover damages based on their unlawful actions, and to obtain an injunction to prohibit these Defendants from performing similar unlawful acts in the future.

## THE PARTIES

4. Plaintiff, OBI, is a Taiwanese corporation with its principle place of business at 13F-1, No. 376, Sec. 4, Ren-Ai Road, Da-Ai District, Taipei City, Taiwan. OBI is engaged in the business of developing new biotech products.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants have conducted acts separately and in concert to harm Plaintiff as hereinafter alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from such harmful and tortious conduct. Plaintiff is further informed and believes and thereon alleges that said Defendants aided, abetted and/or materially assisted each other Defendant in the wrongdoing alleged herein.

6. Each of the Defendants named as DOES, acted as a principal, agent, employee, or authorized representative of each other Defendant within the course and

scope of their respective authority and with the full knowledge, consent and ratification of every other Defendant.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of a foreign country (Taiwan). Upon information and belief, Defendants are citizens of the United States. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

8. Plaintiff is informed and believes that the Doe Defendants would be subject to the Court's personal jurisdiction because they intentionally targeted their false statements to California. To the extent there is a question regarding personal jurisdiction over Defendants, Plaintiff requests that the Court wait to decide that issue until the identities of Defendants are revealed.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions on which this claim is based occurred within the Southern District of California. On information and belief, Defendants' defamatory statements were published in San Diego and some of the defamatory statements were directed to patients in San Diego.

## GENERAL FACTUAL ALLEGATIONS

10. OBI is a Taiwanese biotech company engaged in the development of life saving products. Before patients have the opportunity to benefit from OBI products in the United States, those products need to be approved by the FDA. This approval process often involves clinical trials using human patients. Some clinical trials were conducted in and around San Diego, California.

11. The process by which OBI and other biotech companies bring products from conception to actual use by patients is a lengthy, capital intensive process.

12. It is critical for a company like OBI to maintain strong credibility with all those involved in this process, including patients, doctors, regulators, and investors.

13. Inspire.com is a website which provides information to members regarding potential treatments and drugs for medical conditions, such as cancer. Upon information and belief, members join to better understand their medical conditions, treatment options, and support; and members look to the information posted on the website for recommendations of safe clinical trials and treatments in which to participate.

14. Defendants – being fully aware of the damage their false, defamatory statements can cause – posted multiple misleading, inaccurate, unfounded, and false statements directed toward OBI and the clinical trial on the ISP's inspire.com website under the pseudonyms "O8I" or "OBLie."

15. Despite OBI's diligent efforts, there is no way to tell from review of the website who is the poster using the pseudonyms. Further, OBI has attempted to obtain the user information and / or an ISP address for the poster; however, inspire.com will not provide any of the requested information absent a subpoena and /or court order.

16. OBI seeks to enjoin Defendants from making future defamatory statements and to recover damages for past defamatory statements.

## FIRST CAUSE OF ACTION
## TRADE LIBEL
### Against All Defendants

17. OBI realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

18. Defendants published multiple statements on the inspire.com website that, among other things, falsely accused OBI, by name, of criminal acts and unethical behavior relating to the clinical trials.

19. Defendants further published false, misleading, and inaccurate statements regarding the safety of one of its products, by name.

20. Defendants' statements were not protected by any recognized privilege.

21. OBI is informed and believes that the statements exposed it to hatred, contempt, ridicule, and disgrace.

22. Further, OBI is informed and believes that individuals and patients stopped participating in the trials, chose not to participate in the trials, or stopped using the products as a result of Defendants' statements on the inspire.com website.

23. Defendants deliberately published these libelous statements with full knowledge of their false and libelous nature, and with the intention of deliberately harming OBI's business reputation and OBI's ability to bring lifesaving products to patients needing them.

24. OBI will provide the court with copies of the specific publications under seal after an appropriate confidentiality order is entered as the court may request.

25. As a direct and proximate result of Defendants' publication of libelous statements, OBI has suffered pecuniary loss in the form of lost revenue from prospective customers in the United States due to Defendants' interference with its ability to obtain FDA approval of its products.

26. As a direct and proximate result of Defendants' publication of libelous statements, OBI has suffered pecuniary loss in the form of capital investments in OBI and the product clinical trials.

## SECOND CAUSE OF ACTION
## LIBEL *PER SE*
### Against All Defendants

27. OBI realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

28. Defendants published multiple statements on the inspire.com website that, among other things, falsely accused OBI, by name, of criminal acts and unethical behavior relating to the clinical trials.

29. Defendants further published false, misleading, and inaccurate statements regarding the safety of one of its products, by name.

30. Defendants' published statements are libelous on their face, as they have the tendency to injure Plaintiff's business reputation without the necessity of explanatory matter.

31. Defendants' statements were not protected by any recognized privilege.

32. Defendants deliberately published these libelous statements with full knowledge of their false and libelous nature, and with the intention of deliberately harming OBI's business reputation and OBI's ability to bring lifesaving products to patients needing them.

33. OBI is informed and believes that the statements exposed it to hatred, contempt, ridicule, and disgrace.

34. OBI is informed and believes that individuals and patients stopped participating in the trials, chose not to participate in the trials, or stopped using the products as a result of Defendants' statements on the inspire.com website. This has hindered OBI's ability to obtain approval of the product by the FDA.

35. OBI is informed and believes that it has been damaged by the loss of investment in OBI and the product clinical trials.

36. As a result of Defendants' libelous communications, OBI has suffered damages for loss of reputation to its business and trade.

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### Against All Defendants

37. OBI realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

38. OBI has an existing or prospective business relationship with individuals and patients who were participating in or interested in the product trials and/or were using the products.

39. OBI has an existing or prospective business relationship with its shareholders who sold, or prospective shareholder did not purchase, its stock as a result of Defendants' false statements regarding OBI.

40. OBI has existing or prospective business relationship with its investors who did not invest or did not further invest in OBI and the clinical trials as a result of Defendants' false statements regarding OBI.

41. Defendants' publications on the inspire.com website were actual injurious interference with OBI's business relationships and/or prospects. As a result of Defendants' publications, individuals and patients stopped participating in the trials, chose not to participate in the trials, or stopped using the products. This has hindered OBI's ability to obtain approval of the product by the FDA.

42. As a further result of Defendants' publications, shareholders and investors made business and investment decisions to sell, not purchase, not invest, and or not invest additional funds in OBI.

43. Defendants knew of, and intentionally interfered with, OBI's prospective business advantage by making false and libelous statements about OBI.

44. As a result of Defendants' false and libelous statements, OBI has suffered actual damage to its business and trade. OBI is informed and believes that it lost business prospects who would have otherwise engaged in or continued to engage in business with OBI.

WHEREFORE, plaintiff OBI prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at time of trial;

2. For interest thereon at the maximum rate permitted by law;

3. For injunctive relief requiring defendants to cease and desist their publication of libelous statements regarding OBI;

4. For costs of suit incurred herein;

5. For reasonable attorneys' fees as permitted by law; and

6. For such other and further relief as this Court may deem just and proper.

Dated: September 1, 2016      **DUANE MORRIS LLP**

By: /s/ Heather U. Guerena
Daniel C. Minteer
Heather U. Guerena
Elizabeth R. Favret
Attorneys for Plaintiff
OBI Pharma, Inc.

# REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues herein there are properly triable to a jury.

Dated: September 1, 2016        **DUANE MORRIS LLP**

By: /s/ Heather U. Guerena
Daniel C. Minteer
Heather U. Guerena
Elizabeth R. Favret
Attorneys for Plaintiff
OBI Pharma, Inc.