UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBI PHARMA, INC., a Taiwanese Corporation,<br><br>                            Plaintiff,<br><br>v.<br><br>DOES 1-20, inclusive,<br><br>                           Defendants. | Case No.: 16CV2218 H (BGS)<br><br>**ORDER GRANTING EX PARTE MOTION FOR EARLY DISCOVERY AND MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF No. 6, 12] |

    Plaintiff OBI Pharma, Inc. filed an Ex Parte Motion seeking early discovery to serve a subpoena on inspire.com to identify individuals that anonymously posted negative statements about Plaintiff on the inspire.com website. (ECF No. 6.)

    The Court ordered Plaintiff to file supplemental briefing addressing the nature of the speech at issue, the applicable standard given the nature of the speech, and any evidence in support.[1] (ECF No. 7.) Following two requests for extensions of time, (ECF

---

[1] Neither Plaintiff's Motion nor its Complaint contain the statements. As the Court noted in its Order for Supplemental briefing, Plaintiff also had not sought to provide the statements under seal. Absent the actual statements, that Court was unable to consider the nature of the speech at issue to determine the appropriate standard to apply and, depending on the standard, whether evidence was necessary. The Ex Parte Motion

Nos. 8, 10), Plaintiff filed its Supplemental Brief. (ECF No. 14.) Based on the analysis below, the Court **GRANTS** the Motion.

## BACKGROUND

Plaintiff's Complaint asserts claims for Trade Libel, Libel Per Se, and Intentional Interference with Prospective Economic Advantage. (Compl. ¶¶ 17-41.) Plaintiff alleges that Doe Defendants made deliberately false statements on a website to defame Plaintiff, scare patients involved in Plaintiff's clinical trials to drop out of the trials to make it impossible for Plaintiff to obtain approval of its products by the Federal Drug Administration ("FDA"), and destroy investor confidence in Plaintiff's business. (Compl. ¶¶ 1, 23.) Plaintiff alleges the Doe Defendants posted false information about Plaintiff and its product on inspire.com, a website that provides information regarding potential treatments and drugs for medical conditions such as cancer. (*Id.* at ¶ 13.) The Complaint asserts the statements were made under the pseudonyms "O8I" or "OBLie" and that the statements were misleading, inaccurate, unfounded, false, and accused Plaintiff, by name, of criminal and unethical acts. (*Id.* at ¶¶ 14, 28.) False, misleading, and inaccurate statements were made regarding one product by name. (*Id.* at ¶ 29.) Plaintiff alleges that as a result of the postings patients and individuals stopped participating in the trials or chose not to participate in the trials, impacting its ability to obtain FDA approval of the product. (*Id.* at ¶¶ 22, 34, 41.) The Complaint also alleges the statements have resulted in lost capital investments, sale of Plaintiff's stock, and business prospects it would have otherwise engaged in. (*Id.* at ¶¶ 26, 35.) Neither the Complaint nor the Motion provided the statements. However, Plaintiff has now provided the statements with its Motion to File Portions of Supplemental Brief and Supporting Evidence Under Seal. (ECF No. 12.)

---

acknowledged that the statements were not included to avoid further harmful effects and indicated the specific statements would be provided under seal after an appropriate confidentiality order was entered. (Ex Parte Mot. at 3, n. 1.)

**DISCUSSION**

I. **Standards**

The Ninth Circuit has not identified one specific test that applies anytime a party seeks the identity of an anonymous online poster through discovery. However, the court has made clear that in such cases, "the nature of the speech should be a driving force in choosing a standard" and the Court must consider[] the important value of anonymous speech balanced against a party's need for relevant discovery in a civil action." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011); *Marvix Photographs, LLC v. LiveJournal, Inc.*, 2017 WL 1289967, at * 10 (9th Cir. April 7, 2017) (citing *Anonymous Online Speakers*, 661 F.3d at 1176 and explaining courts must apply a balancing test to "determin[e] whether First Amendment protections for anonymous speech outweigh the need for discovery"); *see also S103, Inc. v. Bodybuilding.com LLC*, 441 Fed. Appx 431 (9th Cir. 2011) (vacating and remanding for district court to determine the nature of the speech as was necessary to determine which standard to apply to it).

The *Anonymous Online Speakers* court identified and summarized the tests used by lower courts and the types of speech they have been applied to. 661 F.3d at 1175-76. These tests are used "to benchmark whether an anonymous speaker's identity should be revealed." *Id.* at 1175. In each, "the initial burden rests on the party seeking discovery and requires varying degrees of proof of the underlying claim." *Id.* at 1176.[2] Two of the

---

[2] The Ninth Circuit contrasted this with the approach taken in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) in which the court considered "First Amendment political associational rights separately from the underlying claims and adopted a 'heightened relevance standard." *Anonymous Online Speakers*, 661 F.3d at 1176 (quoting *Perry*, 591 F.3d at 1164). However, the court did not indicate lower courts should adopt that approach as opposed to the standards summarized and went on to find no clear error in the lower court's application of one of the standards. *Id.* at 1176-77. Additionally, the Ninth Circuit recently cited the standards summarized in *Anonymous Online Speakers*, and remanded for the lower court to consider whether the plaintiff's need for discovery

standards require some evidentiary basis for the claims asserted. *See Art of Living Found. v. Does 1-10*, 10-CV-5022-LHK, 2011 WL 5444622, at *4 (Nov. 9, 2011) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005) and *Doe v. Cahill*, 884 A. 2d 451 (Del. 2005)).

The motion to dismiss or good faith standard is "the lowest bar that courts have used" to evaluate whether the anonymous speaker's identity should be disclosed. *Anonymous Online Speakers*, 661 F.3d at 1175 (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D 573 (N.D. 1999) and *In re Subpoena Duces Tecum to America Online, Inc.*, No. 40570, 2000 WL 1210372 (Va. Cir. Ct. Jan. 31, 2000) (reversed on other grounds)).

A higher standard, applied when a subpoena sought the identify of an anonymous poster that was not a party to the case, indicated identification was "only appropriate where the compelling need for discovery . . . outweigh[ed] the First Amendment right of the speakers because litigation [could] continue without disclosure of the speakers' identities." *Id.* at 1176 (discussing *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, (W.D. Wash. 2001) and citing *Sedersten v. Taylor*, No. 09-3013-CV-S-GAF, 2009 WL 4802567 (W.D. Mo. Dec. 9, 2009) and *Enterline v. Pocono Med. Ctr.*, 3:08-CV-1934, 2008 WL 5192386 (M.D. Pa. Dec. 11, 2008)).

The prima facie standard requires "plaintiffs to make at least a prima facie showing of the claim for which the plaintiff seeks the disclosure of the anonymous speaker's identity." *Anonymous Online Speakers*, 661 F.3d at 1175 (citing *Doe I v. Individuals*, 561 F. Supp. 2d 249 (D. Conn. 2008), *Highfields*, 385 F. Supp. 2d 969; *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). Often referred to as the *Highfield* standard, courts have applied it when the speech at issue "falls somewhere beneath the most protected realm of 'political, religious, or literary discourse; is in

---

outweighed the anonymous speaker's interest in anonymous internet speech. *Marvin Photographs, LLC*, 2017 WL 1289967, at *10.

4

significant part, 'commercial speech' that enjoys 'lesser' protection; but may be more safeguarded than pure 'fighting words and obscenity' which is not protected by the First Amendment at all.'" *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (quoting *Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76).

The "most exacting standard, established by the Delaware Supreme Court in *Doe v. Cahill*, . . . requires plaintiffs to be able to survive a hypothetical motion for summary judgment and give, or attempt to give, notice to the speaker before discovering the anonymous speaker's identity." *Id.* at 1176 (citing *Doe v. Cahill*, 884 A.2d 451 (Del. 2005)). This standard requires the submission of evidence sufficient "to establish a *prima facie* case for each essential element of" the plaintiff's claim. *Id.* at 1176 (quoting *Cahill*, 884 A. 2d at 463). *Cahill* itself involved political speech and appears to be reserved for "political, religious, or literary speech." *See id.* at 1176-77 (finding *Cahill* "extends too far" in being applied when the speech involved commercial contracts and noting commercial speech should be afforded less protection.); *see also Music Grp.*, 82 F. Supp. 3d at 983.

## II. Analysis

Plaintiff argues first that its Motion is not subject to the balancing test articulated in *Anonymous Online Speakers* at all because that test is only implicated when an anonymous speaker seeks to prevent disclosure of their identity through a subsequent motion to quash the subpoena. (Supp. at 1-2.) Second, Plaintiff argues that the speech at issue here it not entitled to First Amendment protection at all because it is false commercial speech. (*Id.* at 4-5.) Finally, Plaintiff argues that it has met the *Highfields* standard. (*Id.* at 6-10.) Because the Court agrees that Plaintiff has now met the *Highfields* standard applicable to commercial speech, the Court addresses the first two issues only briefly.

## A. Application of Tests for Anonymous Online Speech

Plaintiff accurately notes that cases utilizing the balancing test required by the Ninth Circuit have generally either involved the disclosure of anonymous posters that were not parties to a case or have addressed the First Amendment issue when raised in a motion to quash an already authorized subpoena. Whether the anonymous poster is a party or not is taken into account in all the balancing tests in some respect, although the court would agree that the lack of the identity of a party, as opposed to a witness, is of significance in the balancing test because of the tremendous obstacle it presents to a plaintiff pursuing the case at all.

As to the assertion that the Court should not balance First Amendment protections for an anonymous online speaker against the need for discovery until a motion to quash is filed, Plaintiff has not cited any authority indicating as much. Additionally, the Court notes that simply being subjected to having your identity disclosed and having to challenge it in court to safeguard that anonymity puts a burden on an anonymous speaker. Additionally, while the Court notes that at this threshold stage a lower standard might be appropriate, the Court could envision circumstances where a plaintiff, unhappy about negative opinions expressed about it anonymously online, alleges an anonymous poster has made false or misleading statements in a complaint and seeks to unmask the poster for no other reason than to dissuade further criticism. This is not to say all anonymous speech should be subjected to a high standard, but rather that some acknowledgment of the First Amendment implications balanced against the need for the discovery is justified, even at this threshold stage.[3] And, as noted above, the Court need not determine whether

---

[3] Although Plaintiff's initial Motion sought application of the test articulated in *Columbia Ins. Co.*, 185 F.R.D. 573, and this is one of the tests the Ninth Circuit has identified as potentially being applied in cases involving anonymous speech, Plaintiff's Motion did not address the nature of the speech for purposes of assessing whether this or another standard should apply or otherwise analyze the balance of First Amendment implications in disclosing the anonymous poster against Plaintiff's need for the information.

6

16CV2218 H (BGS)

to apply the lowest standard because Plaintiff has now met the higher *Highfields* standard.[4]

### B. Application of *Highfields* Test

Based on the supplemental briefing, Plaintiff has now met the *Highfields* standard. Under this test, a plaintiff must "make at least a prima facie showing of the claim for which the plaintiff seeks the disclosure of the anonymous speaker's identity." *Anonymous Online Speakers*, 661 F.3d at 1175 (citing *Doe I*, 561 F. Supp. 2d 249, *Highfields*, 385 F. Supp. 2d 969, and *Sony Music Entm't, Inc.*, 326 F. Supp. 2d 556). The *Highfields* test is "[m]ore demanding that the 'good faith' or 'motion to dismiss' standard . . . [and] less demanding that the 'most exacting'" *Cahill* standard. *Id.* at 984 (quoting *Anonymous Online Speakers*, 661 F.3d at 1175-77).

There are two steps to the *Highfields* analysis. First, "a party seeking to discover the identity of an anonymous speaker must first 'persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff.'" *Music Grp.*, 82 F. Supp. 3d at 983 (quoting *Highfields*, 385 F. Supp. 2d at 975-76). Second, "[i]f the plaintiff makes this showing, the court must then 'assess and compare the magnitude of the harms that would be caused to the [plaintiffs' and defendants'] competing interests' by ordering that the defendant's identity be disclosed.'" *Id.* (quoting *Highfields*, 385 F. Supp. 2d at 976). When the Court concludes, as it does here, that "disclosing the defendant's identity

---

[4] The Court need not determine whether the lowest standard, motion to dismiss or good faith standard, or the *Highfields* standard of middle rigor should apply because Plaintiff has met the *Highfields* standard. The higher *Cahill* standard would not apply because the statements, now before the Court through supplemental briefing, do not involve the "political, religious, or literary speech" that demand application of the highest standard. *See Anonymous Online Speakers*, 661 F.3d at 1177; *see also SI03*, 441 Fed. Appx. at 432 (noting *Cahill* "test is appropriate only, if ever, in a case concerning core areas of free speech"). These posts could be no more than commercial speech to which *Cahill's* standard does not apply.

'would cause relatively little harm to the defendant's First Amendment and privacy rights,' but is 'necessary to enable the plaintiff to protect against or remedy the serious wrongs,' then the court should allow the disclosure." *Id.* at 983-84 (quoting *Highfields*, 385 F. Supp. 2d at 976).

Under the first prong, "'plaintiff must adduce *competent evidence*' of each fact that is 'essential' to 'at least one of its causes of action.'" *Id.* at 984. Plaintiff has done so here. In addition to other claims, Plaintiff alleges a claim for libel per se. Under California Civil Code § 45, "[l]ibel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." "A statement is libelous 'per se' when on its face the words of the statement are of such a character as to be actionable without a showing of special damage." *Slaughter v. Friedman*, 32 Cal. 3d 149, 153 (1982). "The clearest example of libel per se is an accusation of a crime," however, statements concerning a business that impute "fraud, dishonesty, or questionable business methods" may also constitute libel per se. *Barnes-Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377, 385 (1986).

Plaintiff has provided the Court, under seal, with the actual statements at issue which clearly fall into the category of statements alleging "fraud, dishonesty, or questionable business methods." *Id.* Additionally, Plaintiff has also produced evidence that the statements are false and that these statements may have impacted Plaintiff's stock price and potentially caused participants to leave the clinical trial. Plaintiff has put forth evidence to support a claim of libel per se.[5]

Plaintiff has also met the second prong of the inquiry. Plaintiff has no recourse for these statements if the Court does not allow it to pursue the identities of the Doe

---

[5] The evidence submitted also supports Plaintiff's claim for trade libel, however, the Court need only address one claim for purposes of this Motion to obtain early discovery.

Defendants. Additionally, Plaintiff has provided the Court with evidence that these false statements may have been intended to manipulate Plaintiff's stock price and profit from short selling and may have also interfered with its ability to obtain FDA approval of its medications and maintain the requisite investment to continue developing its products. Denying this discovery would leave this wrong without any remedy. Plaintiff also accurately notes that it is questionable whether these posts are entitled to any First Amendment protection.[6] And, in addition to the Doe Defendants' statements, Plaintiff has also provided the Court with the Terms and Conditions of the website that prohibit users from posting false, misleading, defamatory, or libelous statements. Although this may not constitute a waiver of a right to anonymously comment, "[t]he specific circumstances surrounding the speech serve to give context to the balancing exercise." *Anonymous Online Speakers*, 661 F.3d 1177. Comparing the magnitude of the harms to Plaintiff and the Doe Defendants in disclosing or not disclosing the Doe Defendants' identities, the Court concludes the Doe Defendants would be subjected to relatively little harm to their First Amendment privacy rights by disclosure, assuming they have any for these statements, and Plaintiff would suffer significant harm in being denied any remedy for the libelous statements.

### III. Information Needed From Inspire.com

Plaintiff seeks to subpoena "all identifying information, including name(s), address(es), telephone number(s), email address(es), and IP address(es)" for the identified inspire.com users. The Court ordered supplemental briefing on why Plaintiff needed more than the users' names and addresses. Plaintiff explains in supplemental briefing that Plaintiff needs more information because a user may have used a false name and address. Plaintiff notes specifically that the IP address cannot be made up in the same way that a poster may provide a false name and address. Based on Plaintiff's

---

[6] As noted above, they would be, at best, commercial speech.

representations concerning the submission of information to the website, the Court will authorize Plaintiff to subpoena not only the name and address of the users, but also the IP addresses used to create the account or make the posts.

**IV.    Motion to Seal**

Plaintiff's Motion to Seal seeks to file certain confidential information and documents, as well as the statements discussed above, under seal. Plaintiff has publically filed redacted versions of its Supplemental Brief and documents in support. Recognizing Plaintiff's interest in not having the libelous statements provided under seal further circulated and to protect information about its clinical trial, the Court **GRANTS** the Motion to File Portions of Supplemental Brief and Supporting Evidence Under Seal. (ECF No. 12.)

## CONCLUSION AND ORDER

1. Plaintiff may serve inspire.com with a Rule 45 subpoena commanding it to provide Plaintiff with the name(s), address(es), and IP address(es) for the inspire.com users associated with the user names "O8I" and "OBLie," including the above information provided both when the account was established and subsequently for any purpose. Plaintiff may not subpoena additional information.

2. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.

3. Within 14 calendar days after service of the subpoena, inspire.com shall notify the user that its identity has been subpoenaed by Plaintiff. The user whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena.

4. If inspire.com wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other user challenge is

brought, inspire.com shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on inspire.com for the sole purpose of enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: April 27, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge